IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JOHN R. ESPOSITO and GINA ESPOSITO,

      Plaintiffs,

v.                                CASE NO. 51-2014-CA-002433-WS

21ST CENTURY CENTENNIAL INSURANCE
COMPANY, a foreign profit corporation,

      Defendant.

_____/

## COMPLAINT

COME NOW, the Plaintiffs, JOHN R. ESPOSITO and GINA ESPOSITO, by and through undersigned counsel, and hereby sue the Defendant, 21st CENTURY CENTENNIAL INSURANCE COMPANY (hereinafter referred to as "21st CENTURY"), and allege:

1.     This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, exclusive of costs and interest.

2.     The Sixth Judicial Circuit Court has personal jurisdiction over Defendant, 21st CENTURY, pursuant to Florida Statutes, §48.193, because said company contracted to insure persons, property, and/or risks located within the state of Florida at the time of contracting, and because said company operated, conducted, engaged in, or carried on a business or business venture within the state of Florida.

3.     Plaintiff, JOHN R. ESPOSITO, is now, and was at the time of the incident, a resident of Pasco County, Florida.

4.     Plaintiff, GINA ESPOSITO, is now, and was at the time of the incident, a resident of Pasco County, Florida.

5.     Defendant, 21st CENTURY, is now, and was at the time of the incident, a foreign corporation licensed to, and doing business within, the state of Florida.

6.     On or about October 6, 2012, an unidentified driver operated a Ford SUV motor vehicle traveling northbound on I-75 (SR93A), at or near the intersection of Fowler Avenue, in Hillsborough County, Florida.

7.     On or about October 6, 2012, Plaintiff, GINA ESPOSITO, operated a 2012 Honda motor vehicle, travelling northbound on I-75 (SR93A), at or near the intersection of Fowler Avenue, in Hillsborough County, Florida.

8.     On or about October 6, 2012, Plaintiff, JOHN R. ESPOSITO, was a restrained passenger in the 2012 Honda motor vehicle operated by Plaintiff, GINA ESPOSITO.

## COUNT I
## UNINSURED MOTORIST BENEFITS AS TO JOHN R. ESPOSITO

9.     Plaintiff, JOHN R. ESPOSITO, adopts and realleges all prior material paragraphs as if fully set forth herein.

10.    At the same time and place, an unidentified driver did so negligently operate, control, and/or maintain the motor vehicle that he/she was driving to cause it to collide with the vehicle Plaintiff, JOHN R. ESPOSITO, was a restrained passenger in.

11.    As a result of the collision caused by the negligent operation of the Ford SUV motor vehicle, an unidentified driver caused Plaintiff, JOHN R. ESPOSITO, to suffer serious and permanent injuries.

12.    As a result, Plaintiff, JOHN R. ESPOSITO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care, and treatment, loss of earnings,

loss of ability to earn money and aggravation of a pre-existing condition.  The losses are permanent and continuing and Plaintiff, JOHN R. ESPOSITO, will suffer the losses in the future.

13.    At all times material hereto, the unidentified driver failed to carry adequate bodily injury insurance to compensate Plaintiff, JOHN R. ESPOSITO, for his injuries.

14.    At all times material hereto, there was in full force and effect a policy of automobile liability insurance, Policy Number 0001334617, containing uninsured/underinsured motorists coverage, issued and delivered by Defendant, 21st CENTURY, in Pasco County, Florida to cover Plaintiff's, JOHN R. ESPOSITO, injuries and damages described herein above while involved in a motor vehicle collision. The proceeds of the policy issued by Defendant, 21st CENTURY, insure to the benefit of Plaintiff, JOHN R. ESPOSITO, as "insured" under said policy.  A true and correct copy of the Policy Declarations is attached hereto as Exhibit "A". Plaintiff, JOHN R. ESPOSITO, is not in possession of a complete copy of said policy.  However, Defendant possesses a complete copy of said policy, and is well aware if its contents.

15.    Coverage for the damages suffered by the Plaintiff, JOHN R. ESPOSITO, in the subject accident was available to the Plaintiff, JOHN R. ESPOSITO, under his 21st CENTURY policy, since the Plaintiff, JOHN R. ESPOSITO, was occupying a vehicle covered under the policy and since he was injured as a result of the negligence of an underinsured/uninsured motorist.

16.    Notice of the subject accident was promptly furnished by the Plaintiff, JOHN R. ESPOSITO, to the Defendant, and the Plaintiff, JOHN R. ESPOSITO, has complied with all conditions precedent prior to the institutions of this action or the same have otherwise already occurred.

WHEREFORE, the Plaintiff, JOHN R. ESPOSITO, demands judgment against the Defendant, 21st CENTURY CENTENNIAL INSURANCE COMPANY, for all damages provided by law, and further demands trial by jury.

## COUNT II
## UNINSURED MOTORIST BENEFITS AS TO GINA ESPOSITO

17.     Plaintiff, GINA ESPOSITO, adopts and realleges all prior material paragraphs as if fully set forth herein.

18.     At the same time and place, an unidentified driver did so negligently operate, control, and/or maintain the motor vehicle that he/she was driving to cause it to collide with the vehicle Plaintiff, GINA ESPOSITO, was operating.

19.     As a result of the collision caused by the negligent operation of the Ford SUV motor vehicle, an unidentified driver caused Plaintiff, GINA ESPOSITO, to suffer serious and permanent injuries.

20.     As a result, Plaintiff, GINA ESPOSITO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care, and treatment, loss of earnings, loss of ability to earn money and aggravation of a pre-existing condition. The losses are permanent and continuing and Plaintiff, GINA ESPOSITO, will suffer the losses in the future.

21.     At all times material hereto, the unidentified driver failed to carry adequate bodily injury insurance to compensate Plaintiff, GINA ESPOSITO, for her injuries.

22.     At all times material hereto, there was in full force and effect a policy of automobile liability insurance, Policy Number 0001334617, containing uninsured/underinsured motorists coverage, issued and delivered by Defendant, 21st CENTURY, in Pasco County, Florida to cover Plaintiff's, GINA ESPOSITO, injuries and damages described herein above

while involved in a motor vehicle collision. The proceeds of the policy issued by Defendant, 21st CENTURY, insure to the benefit of Plaintiff, GINA ESPOSITO, as "insured" under said policy. A true and correct copy of the Policy Declarations is attached hereto as Exhibit "A". Plaintiff, GINA ESPOSITO, is not in possession of a complete copy of said policy. However, Defendant possesses a complete copy of said policy, and is well aware if its contents.

23.     Coverage for the damages suffered by the Plaintiff, GINA ESPOSITO, in the subject accident was available to the Plaintiff, GINA ESPOSITO, under her 21st CENTURY policy, since the Plaintiff, GINA ESPOSITO, was occupying a vehicle covered under the policy and since she was injured as a result of the negligence of an underinsured/uninsured motorist.

24.     Notice of the subject accident was promptly furnished by the Plaintiff, GINA ESPOSITO, to the Defendant, and the Plaintiff, GINA ESPOSITO, has complied with all conditions precedent prior to the institutions of this action or the same have otherwise already occurred.

WHEREFORE, the Plaintiff, GINA ESPOSITO, demands judgment against the Defendant, 21st CENTURY CENTENNIAL INSURANCE COMPANY, for all damages provided by law, and further demands trial by jury.

## COUNT III
## INSURANCE BAD FAITH AS TO JOHN R. ESPOSITO

25.     Plaintiff, JOHN R. ESPOSITO, adopts and realleges all prior material paragraphs as if fully set forth herein.

26.     Upon issuance or renewal of said insurance policy to the Plaintiff, JOHN R. ESPOSITO, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

27.    Plaintiff, JOHN R. ESPOSITO, has performed all conditions precedent to the bringing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to a Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Insurance and to the Defendant. A copy of said Civil Remedy Notice is attached hereto and marked as Exhibit "B" and 21st CENTURY'S response is attached as Exhibit "C".

28.    Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, JOHN R. ESPOSITO, and to attempt to settle the claim of the Plaintiff, JOHN R. ESPOSITO, when under all circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff, JOHN R. ESPOSITO, and with due regard for Plaintiff's, JOHN R. ESPOSITO, interest.

29.    At all times material, Defendant knew that its $100,000.00 policy limits were inadequate to compensate Plaintiff, JOHN R. ESPOSITO, for the serious and permanent injuries he sustained in the October 6, 2012 accident.

30.    Defendant has breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiff's, JOHN R. ESPOSITO, claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and omissions.

a.  Improper handling of the claim;

b.  Refusing to settle the claim in a timely manner;

c. Failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, JOHN R. ESPOSITO, the value of which are clearly in excess of the policy limits; and

d. Failing to promptly settle Plaintiff's, JOHN R. ESPOSITO, claim when the obligation to settle the claim had become reasonably clear.

31.    Defendant also failed to cure the violations under Section 624.155 by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

32.    All of the continuing acts of bad faith by the Defendant caused the Plaintiff, JOHN R. ESPOSITO, damages, including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

33.    Pursuant to Sections 627.727(10) and 624.155 Florida Statutes, in this action Plaintiff, JOHN R. ESPOSITO, is entitled to recover the full amount of his damages caused by the negligence of the uninsured/underinsured tortfeasor, including damages in excess of the $100,000.00 uninsured/underinsured policy limits.

34.    The above-mentioned acts of the Defendant required Plaintiff, JOHN R. ESPOSITO, to retain the Law Offices of Lucas, Green & Magazine to represent him in this action, and Plaintiff, JOHN R. ESPOSITO, has agreed to pay them attorney's fees for their services in this action and has agreed to reimburse them for costs advanced in the prosecution of this action.

35.    Plaintiff, JOHN R. ESPOSITO, seeks to recover his attorney's fees against Defendant pursuant to the provisions of Sections 624.155 and 627.428 Florida Statutes.

WHEREFORE, Plaintiff, JOHN R. ESPOSITO, demands judgment, damages and costs against the Defendant, 21st CENTURY CENTENNIAL INSURANCE COMPANY, and for the total amount of his compensatory damages, consequential damages, attorney's fees and costs of this action and interest on the unpaid benefits and on any judgment in this action and further demands trial by jury on all issues so triable.

## COUNT IV
## INSURANCE BAD FAITH AS TO GINA ESPOSITO

36.    Plaintiff, GINA ESPOSITO, adopts and realleges all prior material paragraphs as if fully set forth herein.

37.    Upon issuance or renewal of said insurance policy to the Plaintiff, GINA ESPOSITO, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

38.    Plaintiff, GINA ESPOSITO, has performed all conditions precedent to the bringing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to a Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Insurance and to the Defendant. A copy of said Civil Remedy Notice dated October 15, 2013 is attached hereto and marked as Exhibit "D" and 21st CENTURY'S response is attached as Exhibit "E".

39.    Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, GINA ESPOSITO, and to attempt to settle the claim of the Plaintiff, GINA ESPOSITO, when under all circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff, GINA ESPOSITO, and with due regard for Plaintiff's, GINA ESPOSITO, interest.

40.    At all times material, Defendant knew that its $100,000.00 policy limits were inadequate to compensate Plaintiff, GINA ESPOSITO, for the serious and permanent injuries she sustained in the October 6, 2012 accident.

41.    . Defendant has breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiff's, GINA ESPOSITO, claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and omissions.

    a.  Improper handling of the claim;

    b.  Refusing to settle the claim in a timely manner;

    c.  Failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, GINA ESPOSITO, the value of which are clearly in excess of the policy limits; and

    d.  Failing to promptly settle Plaintiff's, GINA ESPOSITO, claim when the obligation to settle the claim had become reasonably clear.

42.    Defendant also failed to cure the violations under Section 624.155 by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

43.    All of the continuing acts of bad faith by the Defendant caused the Plaintiff, GINA ESPOSITO, damages, including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

44.     Pursuant to Sections 627.727(10) and 624.155 Florida Statutes, in this action Plaintiff, GINA ESPOSITO, is entitled to recover the full amount of her damages caused by the negligence of the uninsured/underinsured tortfeasor, including damages in excess of the $100,000.00 uninsured/underinsured policy limits.

45.     The above-mentioned acts of the Defendant required Plaintiff, GINA ESPOSITO, to retain the Law Offices of Lucas, Green & Magazine to represent her in this action, and Plaintiff, GINA ESPOSITO, has agreed to pay them attorney's fees for their services in this action and has agreed to reimburse them for costs advanced in the prosecution of this action.

46.     Plaintiff, GINA ESPOSITO, seeks to recover her attorney's fees against Defendant pursuant to the provisions of Sections 624.155 and 627.428 Florida Statutes.

WHEREFORE, Plaintiff, GINA ESPOSITO, demands judgment, damages and costs against the Defendant, 21st CENTURY CENTENNIAL INSURANCE COMPANY, and for the total amount of her compensatory damages, consequential damages, attorney's fees and costs of this action and interest on the unpaid benefits and on any judgment in this action and further demands trial by jury on all issues so triable.

## COUNT V
## DECLARATORY JUDGMENT TO DETERMINE LIABILITY AND TOTAL AMOUNT OF DAMAGES AS TO JOHN R. ESPOSITO

47.     Plaintiff, JOHN R. ESPOSITO, adopts and realleges all prior material paragraphs as if fully set forth herein.

48.     This is an action for declaratory relief pursuant to §§ 86.011 – 86.111 et seq., Florida Statutes (2012), within the jurisdictional limits of this Court.

49.     Plaintiff, JOHN R. ESPOSITO, is in doubt about the apportionment of liability, if any, and the total amount of his damages as a result of the Crash.

50. Plaintiff's, JOHN R. ESPOSITO, statutory rights to prosecute the claim for bad faith pursuant to section 624.155, Florida Statutes, is dependent, in part, upon the determination of liability and total damages as a result of the Crash.

51. There exists a bona fide, actual, present practical need for a determination of liability for the Crash and the total amount of damages suffered by Plaintiff, JOHN R. ESPOSITO, as the result of the Crash.

52. A good deal of discovery has been done on the issues of liability and damages in the UM case and those efforts will be wasted unless a final, appealable judgment is entered conclusively determining liability and the total amount of damages suffered by Plaintiff, JOHN R. ESPOSITO, as a result of the collision of that date.

53. Under GEICO General Insurance Co. v. Bottini, 93 So. 3d 476 (Fla. 2d DCA 2012) and King v. Government Employees Insurance Co., No. 8:10-cv-977-T-30AEP, 2012 WL 4052271, (M.D. Fla. Sept. 13, 2012), the amount of any verdict for UM benefits rendered in excess of the UM policy limits is not appealable and may not be binding in a subsequent bad faith action.

54. A declaratory judgment will provide Defendant, 21st CENTURY, with a final judgment on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limits.

WHEREFORE, Plaintiff, JOHN R. ESPOSITO, requests that this Honorable Court accept jurisdiction and enter a declaratory judgment finding and determining liability and the total amount of damages suffered by Plaintiff, JOHN R. ESPOSITO, as a result of the Crash, including pre- and post- judgment interest, attorneys' fees pursuant to sections 624.155 and

627.727(10), Florida Statutes, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

## COUNT VI
## DECLARATORY JUDGMENT TO DETERMINE LIABILITY
## AND TOTAL AMOUNT OF DAMAGES AS TO GINA ESPOSITO

55.    Plaintiff, GINA ESPOSITO, adopts and realleges all prior material paragraphs as if fully set forth herein.

56.    This is an action for declaratory relief pursuant to §§ 86.011 – 86.111 et seq., Florida Statutes (2012), within the jurisdictional limits of this Court.

57.    Plaintiff, GINA ESPOSITO, is in doubt about the apportionment of liability, if any, and the total amount of her damages as a result of the Crash.

58.    Plaintiff's, GINA ESPOSITO, statutory rights to prosecute the claim for bad faith pursuant to section 624.155, Florida Statutes, is dependent, in part, upon the determination of liability and total damages as a result of the Crash.

59.    There exists a bona fide, actual, present practical need for a determination of liability for the Crash and the total amount of damages suffered by Plaintiff, GINA ESPOSITO, as the result of the Crash.

60.    A good deal of discovery has been done on the issues of liability and damages in the UM case and those efforts will be wasted unless a final, appealable judgment is entered conclusively determining liability and the total amount of damages suffered by Plaintiff, GINA ESPOSITO, as a result of the collision of that date.

61.    Under GEICO General Insurance Co. v. Bottini, 93 So. 3d 476 (Fla. 2d DCA 2012) and King v. Government Employees Insurance Co., No. 8:10-cv-977-T-30AEP, 2012 WL 4052271, (M.D. Fla. Sept. 13, 2012), the amount of any verdict for UM benefits rendered in

excess of the UM policy limits is not appealable and may not be binding in a subsequent bad faith action.

62.    A declaratory judgment will provide Defendant, 21st CENTURY, with a final judgment on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limits.

WHEREFORE, Plaintiff, GINA ESPOSITO, requests that this Honorable Court accept jurisdiction and enter a declaratory judgment finding and determining liability and the total amount of damages suffered by Plaintiff, GINA ESPOSITO, as a result of the Crash, including pre- and post- judgment interest, attorneys' fees pursuant to sections 624.155 and 627.727(10), Florida Statutes, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiffs, JOHN R. ESPOSITO and GINA ESPOSITO, demand trial by jury on all issues triable as a matter of right.

JAMES L. MAGAZINE, ESQUIRE
Florida Bar No. 0847232
**The Law Office of Lucas, Green & Magazine**
8606 Government Drive
New Port Richey, Florida 34654
(727) 849-5353 [Tel]
(727) 845-7949 [Fax]
Email: lgmlaw@lgmlawgroup.com
Attorneys for Plaintiff





RENEWAL

**Insurer:** 21st Century Centennial Insurance Company

The Policy Period Begins and Ends at 12:01 A.M.
Standard Time From **09/18/12** To **03/18/13**
Effective Date of Change: **09/18/12**

Named Insured

JOHN R ESPOSITO
GINA ESPOSITO
8038 ROYAL HART DR
NEW PORT RICHEY, FL 34653-5053

**Customer Service Center:**
21st CENTURY INSURANCE
21ST CENTURY PLAZA
P.O. BOX 15510
WILMINGTON, DE 19850-5510

**POLICY SERVICE:** To make a
change to your policy call **1-800-241-1188**

**CLAIMS:** Call anytime to report
an accident or loss **1-888-244-6163**

ST: 09   CO: 0054   ACCT: 00009378

## DESCRIPTION OF YOUR COVERED AUTO(S):

| AUTO | TERR | SYMBOL | AGE | YR | MAKE-MODEL | SERIAL NUMBER | CLASS |
|------|------|--------|-----|----|-----------|--------------|-------|
| 1 | 354 | 151944504242404I | 8 | 05 | JEEP GRAND CHEROKEE LIMIT | 1J4HS58N05C549580 | 48ID00 |
| 2 | 354 | 25353838525244422 | 1 | 12 | HONDA ACCORD EX-L | 1HGCP3F81CA028862 | 60DD00 |

### COVERAGE IS ONLY PROVIDED WHERE A SPECIFIC PREMIUM CHARGE IS SHOWN

| COVERAGE | LIMITS OF LIABILITY | AUTO 1 | AUTO 2 |
|----------|--------------------|--------|--------|
| Bodily Injury.............. | $100,000/ $300,000 Per Person/Accident | $ 170.94 | $ 90.21 |
| Property Damage........... | $50,000 Per Accident | $ 42.59 | $ 28.68 |
| Medical Payments.......... | $5,000 Per Person | $ 10.35 | $ 11.14 |
| Personal Injury Protection. | $10,000 Overall Maximum | $ 99.85 | $ 85.98 |
| Basic Medical Expenses.... | 80% of Expenses | | |
| Basic Work Loss........... | 60% of Expenses | | |
| Replacement Services...... | Subject To Overall Maximum | | |
| Death Benefits........... | $5,000 Maximum | | |
| Uninsured Motorist | | | |
| Bodily Injury............ | Without Stacking $100,000/ $300,000 Per Person/Accident | $ 68.06 | $ 79.10 |
| Comprehensive.............. | Deductible AUTO#1   ACV   #2   ACV | $ 39.94 | $ 52.12 |
| Collision.................. | Deductible AUTO#1 $500   #2 $500 | $ 51.88 | $ 54.87 |
| Extended Transportation | | | |
| Expenses Coverage........ | Per Day AUTO#1 $50 Maximum AUTO#1 $1,500 | $ 3.00 | $ 0.00 |
| | Total Premium Per Auto | $ 486.61 | $ 402.10 |

SEE NEXT PAGE FOR TOTAL PREMIUM

WE LOOK FORWARD TO CONTINUING YOUR
AUTOMOBILE COVERAGE AT THIS RENEWAL.

THANK YOU!

Authorized Company Representative (where required)

*Exhibit "A"*

01      000999      08/12/12      Page 1 of 3      012      Form D-104 (3/00c)

## Civil Remedy Notice of Insurer Violations

Filing Number:      **251062**

Filing Accepted:    **2/12/2014**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **JOHN ESPOSITO** |
| Street Address: | **8038 ROYAL HART DRIVE** |
| City, State Zip: | **NEW PORT RICHEY, FL  34653** |
| Email Address: | |
| Complainant Type: | **Insured** |

### Insured

| | |
|---|---|
| Name: | **JOHN ESPOSITO** |
| Policy #: | **133 46 17** |
| Claim #: | **1022373264-1-6** |

### Attorney

| | |
|---|---|
| Name: | **JAMES L. MAGAZINE** |
| Street Address: | **8606 GOVERNMENT DRIVE** |
| City, State Zip: | **NEW PORT RICHEY, FL  34654** |
| Email Address: | |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **21ST CENTURY CENTENNIAL INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | **,** |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**SOUKKHO KHAMBAY**

Type of Insurance:   **Auto**

DFS-10-363
Rev. 11/2007

Exhibit "B"

## Civil Remedy Notice of Insurer Violations

Filing Number:      251062

### Reason for Notice

Reasons for Notice:

Unsatisfactory Settlement Offer

PURSUANT TO SECTION 624.155, F.S.  please indicate all statutory provisions alleged to have been violated.

624.155(1)(b)(1)      Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

WE WILL PAY COMPENSATORY DAMAGES THAT AN INSURED IS LEGALLY ENTITLED TO RECOVER FROM THE OWNER OR OPERATOR OF AN UNINSURED MOTOR VEHICLE BECAUSE OF BODILY INJURY SUSTAINED BY AN INSURED; AND CAUSED BY AN AUTO ACCIDENT WITH AN UNINSURED MOTOR VEHICLE.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

ON OCTOBER 06, 2012, JOHN ESPOSITO WAS SIGNIFICANTLY AND PERMANENTLY INJURED IN AN AUTO ACCIDENT WHEREIN THE TORTFEASOR WAS UNINSURED. MR. ESPOSITO'S DAMAGES CONTINUE TO INCREASE. CLAIMANT HAS SENT A UM DEMAND FOR POLICY LIMITS AND THE ADJUSTER HAS MADE AN UNSATISFACTORY SETTLEMENT OFFER. CLAIMANT HAS COMPLIED WITH ALL OF THE REQUIREMENTS OF THE POLICY.

### Comments

| User Id | Date Added | Comment |
|---------|------------|---------|

DFS-10-363
Rev. 11/2007



**FARMERS**
INSURANCE

Send all correspondence to:
Email:claimsdocuments@hpcs.com
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

April 11, 2014

Sent via certified and regular mail

Lucas Green and Magazine                    7013 1710 0000 6227 1479
8606 Government Dr.
New Port Richey, FL 34654
Fax# 727-845-7949

RE:      Insured:            John Esposito
         File #:             251062
         Acceptance Date:    02/12/2014
         Complainant:        John Esposito
         Insuring Company:   21st Century Centennial Insurance Co
         Date of Loss:       10/06/2012
         Claim Number:       1022373264-1-7

To Whom It May Concern:

21st Century Centennial Insurance Company is handling an Underinsured Motorist Bodily Injury claim for your client John Esposito. Please accept this letter as a formal response to the Civil Remedy Notice filing number 251062 filed on February 12, 2014 by your law firm and we hereby deny your allegations, as no time in our investigation were the aforementioned statute 624.155(1)(b)(1) was violated. Please accept this as the official response of the Company.

The allegations that the Company has violated any of the Florida Statutes are hereby denied in full. It is alleged that we have not attempted in good faith to settle claims and have not acted fairly and honestly toward our insured's best interest. In denying this allegation, we have evaluated the case based on information provided at this time. The statement of facts and circumstances giving rise to the alleged violations are wholly false. It is the position of the Company that we have and will continue to deal in the utmost good faith in the handling of this claim.

The allegation is that we did not attempt in good faith to settle the claim. We remain committed to negotiating a settlement of the demand which has been submitted to us.

A good faith offer has been made based on the information provided to date and await a rsesponse from your office. We have been proactively contacting your office on several occasions to discuss negotiations and have ordered prior medical records of supporting documents for your client's claim.

If you require any further information or believe 21st Century Insurance has not abided by any laws, rules or regulations please feel free to contact the undersigned.

*Exhibit "C"*

Very truly yours,
21st Century Centennial Insurance Co

Soukkho Khambay

## Civil Remedy Notice of Insurer Violations

Filing Number:       **240601**

Filing Accepted:    **10/15/2013**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **GINA ESPOSITO** |
| Street Address: | **8038 ROYAL HART DRIVE** |
| City, State Zip: | **NEW PORT RICHEY, FL  34653** |
| Email Address: | |
| Complainant Type: | **Insured** |

### Insured

| | |
|---|---|
| Name: | **JOHN ESPOSITO** |
| Policy #: | **133 46 17** |
| Claim #: | **102237326411** |

### Attorney

| | |
|---|---|
| Name: | **JAMES L MAGAZINE** |
| Street Address: | **8606 GOVERNMENT DRIVE** |
| City, State Zip: | **PORT RICHEY, FL  34653** |
| Email Address: | |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **21ST CENTURY CENTENNIAL INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**SOUKKHO KHAMBAY, UM ADJUSTER**

| | |
|---|---|
| Type of Insurance: | **Auto** |

*Exhibit "D"*

DFS-10-363
Rev. 11/2007




## Civil Remedy Notice of Insurer Violations

Filing Number:     240601

### Reason for Notice

Reasons for Notice:

**Unsatisfactory Settlement Offer.**

---

**PURSUANT TO SECTION 624.155, F.S.** please indicate all statutory provisions alleged to have been violated.

**624.155(1)(b)(1)      Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.**

---

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**WE WILL PAY COMPENSATORY DAMAGES THAT AN INSURED IS LEGALLY ENTITLED TO RECOVER FROM THE OWNER OR OPERATOR OF AN UNINSURED MOTOR VEHICLE BECAUSE OF BODILY INJURY: 1) SUSTAINED BY AN INSURED; AND 2) CAUSED BY AN AUTO ACCIDENT WITH AN UNINSURED MOTOR VEHICLE.**
**ADDITIONAL DEFINITIONS: 1) YOU OR ANY FAMILY MEMBER 2) ANY OTHER PERSON OCCUPYING YOUR COVERED AUTO; 3) ANY PERSON ENTITLED TO RECOVER DAMAGES FROM BODILY INJURY COVERED UNDER PART C OF THIS POLICY SUSTAINED BY A PERSON MEETING THE DEFINITION OR INSURED IN A.1 OR 2.ALSO,**
**4. THAT IS A HIT-AN-RUN VEHICLE WHOSE OPERATOR OR OWNER CANNOT BE IDENTIFIED AND THAT CAUSES AN ACCIDENT RESULTING IN BODILY INJURY TO AN INSURED.**

---

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

**ON OCTOBER 06, 2013, GINA ESPOSITO, WAS SIGNIFICANTLY AND PERMANENTLY INJURED IN AN AUTO ACCIDENT WHEREIN THE AT FAULT PARTY LEFT THE SCENE OF THE ACCIDENT AND IDENTIFIED AS A HIT AND RUN. MS. ESPOSITO'S DAMAGES CONTINUE TO INCREASE. CLAIMANT HAS SENT A UM DEMAND FOR POLICY LIMITS AND THE ADJUSTER HAS MADE AN UNSATISFACTORY SETTLEMENT OFFER. CLAIMANT HAS COMPLIED WITH ALL OF THE REQUIREMENTS OF THE POLICY.**

### Comments

| User Id | Date Added | Comment |
|---|---|---|
|  |  |  |

DFS-10-363
Rev. 11/2007



**FARMERS**
**INSURANCE**

Send all correspondence to:
Email:claimsdocuments@hpcs.co.
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

December 3, 2013

Sent via certified and regular mail

Lucas, Green & Magazine
8606 Government Drive
New Port Richey, FL 34654

RE:       Insured:                  John Esposito
          File #:                   240601
          Acceptance Date:          10/15/2013
          Complainant:              Gina Esposito
          Insuring Company:         21st Century Centennial Insurance Company
          Date of Loss:             10/6/12
          Claim Number:             1022373264-1-2

To Whom It May Concern:

21st Century Centennial Insurance Company (hereinafter the "Company") is in receipt of a copy of the Civil Remedy Notice of Insurer Violation filed on behalf of Gina Esposito. Please accept this as the official response of the Company.

The allegations that the Company has violated any of the Florida Statutes identified by the Complaintant are hereby denied in full. The Complaintant's statement of facts and circumstances giving rise to the alleged violations are wholly false. It is the position of the Company that we have and will continue to deal in the utmost good faith in the handling of this claim. A fair and equitable settlement offer has been made to the Complaintant and remains available for her consideration and acceptance.

We are still in the process of obtaining the additional medical records of your client from Trinity Spine Center and Conforti Chiropractic. The records have been ordered and a response from the provider is pending. Once the records are obtained a complete re evaluation will be completed.

If you require any further information or documentation, please feel free to contact Souhkko Khambay, the assigned claim handler at (727) 409-9469.

Very truly yours,
21st Century Centennial Insurance Company

Steve Wang
Liability Claims Manager

*Exhibit "E"*

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JOHN R. ESPOSITO and GINA ESPOSITO,

    Plaintiffs,

v.                          CASE NO. 51-2014-CA-002433-WS

21ST CENTURY CENTENNIAL INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.
_____/

## PLAINTIFF'S, JOHN R. ESPOSITO, REQUEST FOR ADMISSIONS TO DEFENDANT, 21ST CENTURY CENTENNIAL INSURANCE COMPANY

Plaintiff, JOHN R. ESPOSITO, by and through undersigned counsel, hereby requests that

Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, admit to the following:

1.    That on or about October 6, 2012 on I-75 (SR93A) at or near the intersection of

Fowler Avenue, in Hillsborough County, Florida, a vehicle that Plaintiff, JOHN ESPOSITO, was

a restrained passenger in was involved in a motor vehicle accident.

2.    That Plaintiff, JOHN R. ESPOSITO, had uninsured/underinsured motorists

coverage at the time of the accident complained of with Defendant insurance company, and that

Policy Number 0001334617 was is in full force and effect.

3.    That this action has been filed in the proper venue.

4.    That Plaintiff, JOHN R. ESPOSITO, has suffered permanent injuries as a result of

the motor vehicle accident complained of in Plaintiff's Complaint.

5.    That the above-styled Court has jurisdiction over the claims of Plaintiff, JOHN R.

ESPOSITO, against Defendant insurance company.

I HEREBY CERTIFY that a true and correct copy of the foregoing were furnished for service upon Defendant, along with the Summons and Complaint.

**The Law Offices of Lucas, Green, & Magazine**

**JAMES L. MAGAZINE, ESQUIRE**
Florida Bar No. 0847232
8606 Government Drive
New Port Richey, Florida 34654
(727) 849-5353 [Tel]
(727) 845-7949 [Fax]
Email: lgmlaw@lgmlawgroup.com
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JOHN R. ESPOSITO and GINA ESPOSITO,

        Plaintiffs,

v.

                                 CASE NO. 51-2014-CA-002433-WS

21ST CENTURY CENTENNIAL INSURANCE
COMPANY, a foreign profit corporation,

        Defendant.

_____/

### PLAINTIFF'S, JOHN R. ESPOSITO, NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, 21ST CENTURY CENTENNIAL INSURANCE COMPANY

      Plaintiff, JOHN R. ESPOSITO, by and through undersigned counsel, hereby gives notice

that the original and one copy of Interrogatories numbered one (1) through Seventeen (17) to

Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, were served, along

with the Summons and Complaint, the Answers to which are due within forty-five (45) days of

the date of service of process, pursuant to Rule 1.340, Florida Rules of Civil Procedure.

      I HEREBY CERTIFY that a true and correct copy of the above Notice, together with the
original and one copy of the foregoing Interrogatories, were furnished for service upon
Defendant, along with the Summons and Complaint.

      **The Law Offices of Lucas, Green, & Magazine**

      _____

      **JAMES L. MAGAZINE, ESQUIRE**
      Florida Bar No. 0847232
      8606 Government Drive
      New Port Richey, Florida 34654
      (727) 849-5353 [Tel]
      (727) 845-7949 [Fax]
      Email: lgmlaw@lgmlawgroup.com
      Attorneys for Plaintiff

## <u>INTERROGATORIES TO DEFENDANT - UM</u>

1.      Please state the name and address of the representative on behalf of the Defendant insurer who has responsibility for handling this file of the Plaintiff herein for purposes of uninsured motorist coverage.

      a.      Also state the background of this adjuster.

      b.      Please state the dates of employment of said adjuster with Defendant insurer.

2.      Please state the name and address of each person on behalf of the Defendant insurer who has handled the file of the Plaintiff and for any purpose of investigation or claims handling.

3.      Please state the name and address of anyone on behalf of the Defendant insurer who has conducted any investigation on the issue of whether the third party tortfeasor has any insurance coverage for liability purposes that would insure him for the accident described in the Complaint.

      a.      Please state the name and address of the person who handled the investigation.

      b.      Please state exactly what was done.

      c.      Please state what their investigation revealed.

4.     If the Defendant insurer contends that the Plaintiff was negligent in this accident, please state:

      a.    the name and address of each person who will support the allegation;

      b.    the facts you contend that demonstrate the Plaintiff was negligent for this accident;

      c.    exactly what you contend the Plaintiff did that caused or contribute to the accident.

5.     Please list each and every benefit that the Defendant insurer has paid to the Plaintiff or on behalf of the Plaintiff for either PIP coverage or medical payments coverage; the date the benefits were paid; the name and address of the person to whom the benefits were paid; and whether or not is was deemed that it was reasonable and necessary for treatment as a result of the accident described in the Complaint.

6.     If you contend that the Plaintiff's injuries were pre-existing and were not caused and/or aggravated by this accident, please state:

      a.    the name and address of each person who will support this allegation;

      b.    what injuries you contend were pre-existing;

      c.    how you determine that such injuries were pre-existing;

7.    Please state the amount of property damage that was caused to the Plaintiff's vehicle as a result of the accident described in the Complaint.

    a.    Amount:

    b.    Please state the name and address of the person who determined the amount of property damage, i.e., the adjuster who examined or investigated the amount of property damage.

    c.    Please state whether or not photographs were taken of the amount of property damage and who has possession of the photographs;

    d.    Please state whether or not photographs were taken of the amount of property damage to the third party tortfeasor's vehicle.

8.    Please state whether or not you contend that the third party tortfeasor has any insurance coverage that applies to this case and if so, please state the name and address of the insurer, the limits of said coverage, the type of said coverage, and how you determined that said coverage does, in fact, apply.

9.    Please state the amount of uninsured motorist coverage on each vehicle wherein the named insured is JOHN R. ESPOSITO and whether this coverage applies in this case. Also state whether you agree that, in fact, the Plaintiff is entitled to make a claim for uninsured motorist coverage.

      a.    In the event you contend the Plaintiff is not entitled to make this claim, please state why.

      b.    Please state the name and address of each person who has knowledge of these facts.

10.   Please state whether or not the Defendant insurer or any of its representatives or agents has conducted any surveillance activity on the Plaintiff.

      a.    State the name and address of each person who has conducted the surveillance activity.

      b.    State the date the surveillance activity was conducted.

      c.    State the name of the person, firm, or organization who has possession of either the reports and/or the surveillance films and whether or not you will allow the Plaintiff to view them without the necessity of a Motion to Compel.

11.  If you contend that the Plaintiff was not wearing a seat belt at the time of the accident described in the Plaintiff's Complaint, please list the name and address of each person who will testify that the Plaintiff was not wearing a seat belt on the date of accident. State how this person determined that such is the case.

12.  Describe in detail, each act or omission on the part of the Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question.

13.  List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings specify the subject matter about which the witness has knowledge.

14.  List the names, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard the Plaintiff make any statement, remark or comment concerning the accident described in the Complaint and the substance of each statement, remark or comment.

15.  Do you intend to call any non-medical expert witnesses at the trial of this case?  If so, please identify each witness; describe his qualification as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify, and give a summary of the grounds for each opinion.

16.    Please state the date and give a brief description of any claims previously (PIP, UM or otherwise) submitted to Defendant insurance company by Plaintiff.

17.    Please state the factual basis for each and every defense contained in your Answer to Plaintiff's Complaint, as well as the name and address of each witness whose testimony you believe will support these facts.

_____

**DEFENDANT**

STATE OF FLORIDA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ____ day of _____, 2014 by _____, who is personally known to me or who has produced _____ as identification and who did (not) take an oath.

_____

_____
Notary Public, State of Florida

_____

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JOHN R. ESPOSITO and GINA ESPOSITO,

    Plaintiffs,

·v.                             CASE NO. 51-2014-CA-002433-WS

21ST CENTURY CENTENNIAL INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.

_____/

**PLAINTIFF'S, JOHN R. ESPOSITO, REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT,
21ST CENTURY CENTENNIAL INSURANCE COMPANY**

Plaintiff, JOHN R. ESPOSITO, by and through undersigned counsel, and pursuant to

Rule 1.350, Florida Rules of Civil Procedure, hereby requests that Defendant, 21ST CENTURY

CENTENNIAL INSURANCE COMPANY, produce for inspection and/or copying by counsel

for Plaintiff, the following documents, said documents to be produced at the offices of Lucas,

Green, & Magazine, 8606 Government Drive, New Port Richey, FL 34654, on or before Forty-

Five (45) days from the date of service hereof.

1. All policies of uninsured motorist insurance including uninsured/ underinsured coverage and/or medical payment coverage (including Declaration Sheets) providing coverage to the Plaintiff, or to the vehicle operated by any of the Plaintiff at the time of the accident in this case.

2. All policies of uninsured motorist insurance including uninsured/ underinsured coverage and/or medical payment coverage (including Declaration Sheets) providing coverage to Plaintiff at the time of the accident in this case.

3. All written or recorded statements of the Plaintiff.

4. All repair bills or estimates concerning the damage to any vehicles involved in the accident described in the Complaint.

5.    Photographs and/or videotapes of the accident scene and/or of any of the automobiles involved and/or of the accident in this case.

6.    Any written or recorded statements of the Defendant tortfeasors.

I HEREBY CERTIFY that a true and correct copy of the foregoing were furnished for service upon Defendant, along with the Summons and Complaint.

**The Law Offices of Lucas, Green, & Magazine**

**JAMES L. MAGAZINE, ESQUIRE**
Florida Bar No. 0847232
8606 Government Drive
New Port Richey, Florida 34654
(727) 849-5353 [Tel]
(727) 845-7949 [Fax]
Email: lgmlaw@lgmlawgroup.com
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JOHN R. ESPOSITO and GINA ESPOSITO,

      Plaintiffs,

v.                         CASE NO. 51-2014-CA-002433-WS

21ST CENTURY CENTENNIAL INSURANCE
COMPANY, a foreign profit corporation,

      Defendant.
_____/

## PLAINTIFF'S, GINA ESPOSITO, NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, 21ST CENTURY CENTENNIAL INSURANCE COMPANY

Plaintiff, GINA ESPOSITO, by and through undersigned counsel, hereby gives notice

that the original and one copy of Interrogatories numbered one (1) through Seventeen (17) to

Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, were served, along

with the Summons and Complaint, the Answers to which are due within forty-five (45) days of

the date of service of process, pursuant to Rule 1.340, Florida Rules of Civil Procedure.

      I HEREBY CERTIFY that a true and correct copy of the above Notice, together with the
original and one copy of the foregoing Interrogatories, were furnished for service upon
Defendant, along with the Summons and Complaint.

      The Law Offices of Lucas, Green, & Magazine


      _____
      JAMES L. MAGAZINE, ESQUIRE
      Florida Bar No. 0847232
      8606 Government Drive
      New Port Richey, Florida 34654
      (727) 849-5353 [Tel]
      (727) 845-7949 [Fax]
      Email: lgmlaw@lgmlawgroup.com
      Attorneys for Plaintiff

## INTERROGATORIES TO DEFENDANT - UM

1.      Please state the name and address of the representative on behalf of the Defendant insurer who has responsibility for handling this file of the Plaintiff herein for purposes of uninsured motorist coverage.

   a.      Also state the background of this adjuster.

   b.      Please state the dates of employment of said adjuster with Defendant insurer.

2.      Please state the name and address of each person on behalf of the Defendant insurer who has handled the file of the Plaintiff and for any purpose of investigation or claims handling.

3.      Please state the name and address of anyone on behalf of the Defendant insurer who has conducted any investigation on the issue of whether the third party tortfeasor has any insurance coverage for liability purposes that would insure him for the accident described in the Complaint.

   a.      Please state the name and address of the person who handled the investigation.

   b.      Please state exactly what was done.

   c.      Please state what their investigation revealed.

4.  If the Defendant insurer contends that the Plaintiff was negligent in this accident, please state:

     a.  the name and address of each person who will support the allegation;

     b.  the facts you contend that demonstrate the Plaintiff was negligent for this accident;

     c.  exactly what you contend the Plaintiff did that caused or contribute to the accident.

5.  Please list each and every benefit that the Defendant insurer has paid to the Plaintiff or on behalf of the Plaintiff for either PIP coverage or medical payments coverage; the date the benefits were paid; the name and address of the person to whom the benefits were paid; and whether or not is was deemed that it was reasonable and necessary for treatment as a result of the accident described in the Complaint.

6.  If you contend that the Plaintiff's injuries were pre-existing and were not caused and/or aggravated by this accident, please state:

     a.  the name and address of each person who will support this allegation;

     b.  what injuries you contend were pre-existing;

     c.  how you determine that such injuries were pre-existing;

7.   Please state the amount of property damage that was caused to the Plaintiff's vehicle as a result of the accident described in the Complaint.

   a.   Amount:

   b.   Please state the name and address of the person who determined the amount of property damage, i.e., the adjuster who examined or investigated the amount of property damage.

   c.   Please state whether or not photographs were taken of the amount of property damage and who has possession of the photographs;

   d.   Please state whether or not photographs were taken of the amount of property damage to the third party tortfeasor's vehicle.

8.   Please state whether or not you contend that the third party tortfeasor has any insurance coverage that applies to this case and if so, please state the name and address of the insurer, the limits of said coverage, the type of said coverage, and how you determined that said coverage does, in fact, apply.

9.     Please state the amount of uninsured motorist coverage on each vehicle wherein the named insured is GINA ESPOSITO and whether this coverage applies in this case. Also state whether you agree that, in fact, the Plaintiff is entitled to make a claim for uninsured motorist coverage.

        a.     In the event you contend the Plaintiff is not entitled to make this claim, please state why.

        b.     Please state the name and address of each person who has knowledge of these facts.

10.     Please state whether or not the Defendant insurer or any of its representatives or agents has conducted any surveillance activity on the Plaintiff.

        a.     State the name and address of each person who has conducted the surveillance activity.

        b.     State the date the surveillance activity was conducted.

        c.     State the name of the person, firm, or organization who has possession of either the reports and/or the surveillance films and whether or not you will allow the Plaintiff to view them without the necessity of a Motion to Compel.

11.  If you contend that the Plaintiff was not wearing a seat belt at the time of the accident described in the Plaintiff's Complaint, please list the name and address of each person who will testify that the Plaintiff was not wearing a seat belt on the date of accident. State how this person determined that such is the case.

12.  Describe in detail, each act or omission on the part of the Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question.

13.  List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings specify the subject matter about which the witness has knowledge.

14.  List the names, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard the Plaintiff make any statement, remark or comment concerning the accident described in the Complaint and the substance of each statement, remark or comment.

15.  Do you intend to call any non-medical expert witnesses at the trial of this case? If so, please identify each witness; describe his qualification as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify, and give a summary of the grounds for each opinion.

16.   Please state the date and give a brief description of any claims previously (PIP, UM or otherwise) submitted to Defendant insurance company by Plaintiff.

17.   Please state the factual basis for each and every defense contained in your Answer to Plaintiff's Complaint, as well as the name and address of each witness whose testimony you believe will support these facts.

_____

DEFENDANT

STATE OF FLORIDA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ____ day of _____, 2014 by _____, who is personally known to me or who has produced _____ as identification and who did (not) take an oath.

_____

_____

Notary Public, State of Florida

_____

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JOHN R. ESPOSITO and GINA ESPOSITO,

      Plaintiffs,

v.                                  CASE NO.

21ST CENTURY CENTENNIAL INSURANCE
COMPANY, a foreign profit corporation,

      Defendant.

_____/

### PLAINTIFF'S, GINA ESPOSITO, REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, 21ST CENTURY CENTENNIAL INSURANCE COMPANY

Plaintiff, GINA ESPOSITO, by and through undersigned counsel, and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests that Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, produce for inspection and/or copying by counsel for Plaintiff, the following documents, said documents to be produced at the offices of Lucas, Green, & Magazine, 8606 Government Drive, New Port Richey, FL 34654, on or before Forty-Five (45) days from the date of service hereof.

1.     All policies of uninsured motorist insurance including uninsured/ underinsured coverage and/or medical payment coverage (including Declaration Sheets) providing coverage to the Plaintiff, or to the vehicle operated by any of the Plaintiff at the time of the accident in this case.

2.     All policies of uninsured motorist insurance including uninsured/ underinsured coverage and/or medical payment coverage (including Declaration Sheets) providing coverage to Plaintiff at the time of the accident in this case.

3.     All written or recorded statements of the Plaintiff.

4.     All repair bills or estimates concerning the damage to any vehicles involved in the accident described in the Complaint.

5.      Photographs and/or videotapes of the accident scene and/or of any of the automobiles involved and/or of the accident in this case.

6.      Any written or recorded statements of the Defendant tortfeasors.

I HEREBY CERTIFY that a true and correct copy of the foregoing were furnished for

service upon Defendant, along with the Summons and Complaint.

**The Law Offices of Lucas, Green, & Magazine**

**JAMES L. MAGAZINE, ESQUIRE**
Florida Bar No. 0847232
8606 Government Drive
New Port Richey, Florida 34654
(727) 849-5353 [Tel]
(727) 845-7949 [Fax]
Email: lgmlaw@lgmlawgroup.com
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JOHN R. ESPOSITO and GINA ESPOSITO,

        Plaintiffs,

v.                            CASE NO. 51-2014-CA-002433-WS

21ST CENTURY CENTENNIAL INSURANCE
COMPANY, a foreign profit corporation,

        Defendant.
_____/

**PLAINTIFF'S, GINA ESPOSITO, REQUEST FOR ADMISSIONS TO DEFENDANT, 21ST CENTURY CENTENNIAL INSURANCE COMPANY**

Plaintiff, GINA ESPOSITO, by and through undersigned counsel, hereby requests that

Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, admit to the following:

1.    That on or about October 6, 2012 on I-75 (SR93A) at or near the intersection of

Fowler Avenue, in Hillsborough County, Florida, a vehicle that Plaintiff, GINA ESPOSITO, was

operating was involved in a motor vehicle accident.

2.    That Plaintiff, GINA ESPOSITO, had uninsured/underinsured motorists coverage

at the time of the accident complained of with Defendant insurance company, and that Policy

Number 0001334617 was is in full force and effect.

3.    That this action has been filed in the proper venue.

4.    That Plaintiff, GINA ESPOSITO, has suffered permanent injuries as a result of

the motor vehicle accident complained of in Plaintiff's Complaint.

5.    That the above-styled Court has jurisdiction over the claims of Plaintiff, GINA

ESPOSITO, against Defendant insurance company.

I HEREBY CERTIFY that a true and correct copy of the foregoing were furnished for service upon Defendant, along with the Summons and Complaint.

**The Law Offices of Lucas, Green, & Magazine**

**JAMES L. MAGAZINE, ESQUIRE**
Florida Bar No. 0847232
8606 Government Drive
New Port Richey, Florida 34654
(727) 849-5353 [Tel]
(727) 845-7949 [Fax]
Email: lgmlaw@lgmlawgroup.com
Attorneys for Plaintiff