**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN R. ESPOSITO and,
GINA ESPOSITO,

    Plaintiffs,

v.                                          Case No. 8:14-CV-1881-T-17AEP

21st CENTURY CENTENNIAL
INSURANCE COMPANY, a
foreign profit corporation

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant's, 21st CENTURY CENTENNIAL INSURANCE COMPANY ("Defendant"), Motion to Dismiss, (Doc. 11), filed September 11, 2014, Plaintiffs' Response in Opposition, (Doc. 14), filed September 25, 2014, Defendant's Notices of Supplemental Authority, (Docs. 15, 19, 20), and Plaintiff's Notice of Supplemental Authority. (Doc. 16). For the reasons that follow below, Defendant's Motion is **GRANTED in PART**.

## BACKGROUND

On October 6, 2012, Plaintiffs were involved in an automobile collision in Hillsborough County, Florida. (Doc. 1). Plaintiffs allege an uninsured motorist caused injuries resulting from that automobile collision. (Doc. 1). Plaintiffs purchased an uninsured motorist ("UM") coverage policy through Defendant, and Plaintiffs allege Defendant failed to timely pay claims made under the UM policy. (Doc. 1). As a result, Plaintiffs filed a six-count complaint in state court, and Defendant removed the complaint based on diversity jurisdiction. (Doc. 1). In Counts I, III, and V, Plaintiff John Esposito

alleges Defendant breached the UM coverage policy (Count I), alleges Defendant committed bad faith in violation of 625.155, Florida Statutes (Count III), and seeks declaratory relief on liability and damages pursuant to Florida's Declaratory Judgment Statute (Count V).  (Doc. 1).  In Counts II, IV, and VI, Plaintiff Gina Esposito alleges the same causes of action, respectively.  (Doc. 1).

Defendant moved to dismiss Counts III–VI.  (Doc. 11).  Defendant contends Counts III and IV—bad faith claims—have not yet accrued because the underlying first-party liability has not yet resolved.  (Doc. 11 at 3–4).  Plaintiffs do not seem to suggest Counts III and IV have accrued, but rather suggest the appropriate relief is abatement rather than dismissal.  (Doc. 14 at 7).  Defendant contends Counts V and VI—declaratory relief on liability and damages—do not concern justiciable cases or controversies, and that Plaintiffs are attempting to avoid proving damages at trial.  (Doc. 11 at 8).  Plaintiffs rebut this argument with recent case law that rules to the contrary.  (Doc. 14 at 6–7).

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned […] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

## DISCUSSION

### I. Counts III and IV

Plaintiffs and Defendant seem to agree Counts III and IV have not yet accrued; but, Plaintiffs contend abatement of these counts is favored over dismissal.  This Court has reviewed the extensive and voluminous case law both Plaintiffs and Defendant cited in their respective motions.  This Court chooses to follow the analysis and keep with the practices of other district judges in the Middle District and abate rather than dismiss these counts in the interest of judicial economy.  Smith v. 21st Century Centennial Insurance

3

Company, 8:14-CV-2531-T-26TBM (M.D. Fla. Oct. 29, 2014); Gianassi v. State Farm Mut. Auto. Ins. Co., 2014 WL 4999443 (M.D. Fla. Oct. 7, 2014); Leuty v. State Farm Mut. Auto. Ins. Co., 8:13-CV-3038-T-35MAP (M.D. Fla. June 16, 2014); Park Place Condo. Ass'n of Tampa, Inc. v. State Farm Fire & Cas. Co., 2011 WL 2470105 (M.D. Fla. May 13, 2011); The Oaks Unit III Condo. Ass'n. Inc. v. Allstate Ins. Co., 2010 WL 4542899 (M.D. Fla. Nov. 10, 2010); Demott v. Liberty Mut. Fire Ins. Co., 2008 WL 2359923 (M.D. Fla. June 5, 2008). Dismissal of Counts III and IV is **DENIED**; Counts III and IV are **ABATED** pending resolution of Counts I and II, respectively.

## II. Counts V and VI

The Court finds Counts V and VI do not currently address actual existing controversies that would support entry of a declaratory judgment. This Court adopts and incorporates the well-reasoned analysis from Gianassi and Smith, supra. Because the contract claims in Counts I and II limit Plaintiffs' recovery to policy limits, and if Plaintiffs lose the claim or obtain judgment in an amount less than the policy limits, this Court could not address the damages issue requested. See Gianassi, 2014 WL 4999443 at *4.

Accordingly, it is **ORDERED** that Counts III and IV are **ABATED** pending resolution of Counts I and II, respectively. Counts V and VI are **DISMISSED with PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of April, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All Counsel and Parties of Record

4